IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROGER WAYNE ROBERTSON,**<br><br>Petitioner,<br><br>v.<br><br>**MARIPOSA COURT,**<br><br>Respondent. | 1:15-cv-00322 MJS HC<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS DUPLICATIVE OF EARLIER FILED PETITION**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER** |

  Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

  On May 29, 2014, Petitioner filed a federal petition for writ of habeas corpus in this Court. The petition was assigned case number "1:14-cv-00924 AWI MJS HC," and is currently pending before the Court. In that petition, Petitioner challenges his September 9, 2010 conviction, presenting claims of impermissible prior conviction evidence, juror bias, and ineffective assistance of counsel.

  On January 27, 2015, Petitioner filed a federal petition for writ of habeas corpus in this Court. This petition has been assigned case number "1:54-cv-00322 MJS HC." The petition challenges the same 2010 conviction. (See Pet.)

  "After weighing the equities of the case, the district court may exercise its

1

1  discretion to dismiss a duplicative later-filed action, to stay that action pending resolution
2  of the previously filed action, to enjoin the parties from proceeding with it, or to
3  consolidate both actions." Adams v. California Dept. of Health Services, 487 F.3d 684,
4  688 (9th Cir. 2007). "Plaintiffs generally have 'no right to maintain two separate actions
5  involving the same subject matter at the same time in the same court and against the
6  same defendant.'" Id. (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en
7  banc)).

8  In assessing whether a second action is duplicative of the first, the court
9  examines whether the causes of action and relief sought, as well as the parties or privies
10 to the action, are the same. Adams, 487 F.3d at 689. First, the court must examine
11 whether the causes of action in the two suits are identical pursuant to the transaction
12 test, developed in the context of claim preclusion. Id. Second, the court determines
13 whether the defendants are the same or in privity. Privity includes an array of
14 relationships which fit under the title of "virtual representation." Kourtis v. Cameron, 419
15 F.3d 989, 996 (9th Cir. 2005). "The necessary elements of virtual representation are an
16 identity of interests and adequate representation." Adams, 487 F.3d at 691 (citing
17 Kourtis, 419 F.3d at 996). "Additional features of a virtual representation relationship
18 include a close relationship, substantial participation, and tactical maneuvering." Id.

19 A petitioner is required to bring at one time all of the claims against a party or
20 privies relating to the same transaction or event. Adams, 487 F.3d at 693. The court has
21 discretion to dismiss a duplicative complaint with prejudice to prevent a plaintiff from
22 "fragmenting a single cause of action and litigating piecemeal the issues which could
23 have been resolved in one action." Adams, 487 F.3d at 694.

24 In the present case, the instant petition challenges the same issues already being
25 adjudicated by the court in case number "1:14-cv-00924 AWI MJS HC." Accordingly, the
26 Court recommends the instant petition be dismissed as duplicative.

27 **RECOMMENDATION**

28 Therefore it is RECOMMENDED that the petition for writ of habeas corpus be

DISMISSED as duplicative. Further, the Court ORDERS the Clerk of Court to assign a District Court Judge to the present matter.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 17, 2015          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE